**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 17-13 |
| | ) | |
| MARQUIS TRAMMEL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**<u>OPINION</u>**

I.     Introduction

Pending before the court is a pro se motion for compassionate release (ECF No. 64) filed by Marquis Trammel ("Trammel"). The federal public defender informed the court by email on February 24, 2021, that it did not intend to supplement the pro se motion on behalf of Trammel. In order to expedite resolution of the motion, it will be resolved without a response from the government.

II.     Procedural Background with respect to exhaustion

Because Trammel failed to meet his burden to establish that he exhausted his administrative remedies, the court will not discuss the underlying facts regarding his criminal history and personal characteristics and the pending motion will be denied without prejudice. The court is aware of Trammel's representation that he contracted COVID-19 and has not fully recovered (ECF No. 64 at 1).

There is no evidence in the current record before the court that Trammel sent a letter to the warden at USP-Victorville or otherwise sought compassionate release from the Bureau of Prisons ("BOP") based on COVID-19. Trammel signed his compassionate release motion on

December 31, 2020, although it was not mailed until January 12, 2021, and was not filed on the court's docket until January 19, 2021.  Trammel's motion is silent with respect to his efforts to obtain relief from the BOP.


III.    Discussion

The court will not address Trammel's substantive arguments at this time, because his compassionate release motion must be denied for failure to exhaust his administrative remedies pursuant to the First Step Act and 18 U.S.C. § 3582(c)(1)(A)(i).   Proper exhaustion of administrative remedies is a threshold issue.  *See United States v. Gadsden*, 2020 WL 3871083, *1 (W.D. Pa. July 9, 2020) (district courts cannot consider requests for compassionate release until a prisoner has exhausted his administrative remedies).  The exhaustion requirement is mandated by statute and cannot be waived by the court or the government.  *United States v. Valentine*, No. 3:16-CR-206, 2020 WL 6381456, at *4 (M.D. Pa. Oct. 30, 2020).

In *United States v. Raia,* 954 F.3d 594 (3d Cir. 2020), the inmate filed a compassionate release motion with the court before the BOP responded to his initial request to the warden, and before 30 days passed.  The court of appeals found that the inmate did not exhaust his administrative remedies.  The court explained that the BOP had not been given 30 days to consider the inmate's request and there was, therefore, no adverse decision by the BOP for the inmate to administratively exhaust.  *Id*. at 597. The court noted the BOP's statutory role and its efforts to curtail the COVID-19 pandemic. The court emphasized the importance of complying with the BOP's administrative procedures:  "Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance." *Id.*

The decision of the United States Court of Appeals for the Third Circuit in *United States v. Harris*, No. 20-1723, 973 F.3d 170 (3d Cir. 2020), is not to the contrary. In *Harris*, there had been lengthy administrative consideration of the inmate's requests for release based on his medical condition and the issue was interpretation of the "30-day lapse" provision in the statute. The court concluded, without extensive analysis, that "the statute states that the defendant may file the [compassionate release] motion [in court] thirty days after the warden receives his request." *Id.* at 171. *Harris* cited *Raia* for the proposition that before filing a compassionate release motion with the court, a defendant must "at least" ask the BOP to file a compassionate release motion on his behalf and give the BOP 30 days to respond. *Id.* (citing *Raia*, 954 F.3d at 595). Based on the record before the court in this case, Trammel did not fully exhaust his administrative remedies and he did not ask the BOP for relief and wait 30 days before seeking relief from the court.

The court is aware that more than 30 days have now passed since Trammel submitted his motion to the court. The mere passage of time since Trammel filed his motion does not make it ripe. An inmate "cannot complete the exhaustion of his administrative remedies while his present motion is pending with the court." *United States v. Rawls*, No. 1:12-CR-194, 2020 WL 6747344, at *3 (M.D. Pa. Nov. 17, 2020). The court of appeals' decision in *Raia* was issued approximately 30 days after the defendant's initial request to the warden. 954 F.3d at 596. The court of appeals, nevertheless, rejected the defendant's request to remand his compassionate release motion to the district court and described the defendant's failure to exhaust administrative remedies as a "glaring roadblock" making remand to the district court futile. *Id.* at 597.

It is the defendant's burden to demonstrate that he exhausted his administrative remedies.

Based on the record before the court, there is no evidence that Trammel made any efforts to obtain compassionate release from the BOP.  In other words, there is no evidence that he initiated the BOP's process by "at least" asking the warden to grant compassionate release, as required by the Third Circuit Court of Appeals.  The BOP was not given an opportunity to consider Trammel's circumstances or to render a decision that Trammel could appeal to this court after 30 days.  In sum, on this record, he did not "strictly comply" with his BOP administrative remedies.  *Accord Rawls*, 2020 WL 6747344 at *1 (dismissing without prejudice where defendant filed his motion in court before he allowed the warden 30 days to respond to his request); *United States v. Rodriguez*, No. 3:19-CR-298, 2020 WL 6047564, at *4 (M.D. Pa. Oct. 13, 2020) ("a defendant must wait 30 days after he submits his request to the Warden before he files his motion for compassionate release with the court.").

    IV.   <u>Conclusion</u>

In accordance with the foregoing discussion, Trammel's motion for compassionate release (ECF No. 64) will be DENIED.  The denial is without prejudice to Trammel's ability to file a new motion after he properly exhausts his BOP administrative remedies.

An appropriate order will be entered.

Dated:     February 25, 2021.

                            BY THE COURT:

                            <u>s/ Joy Flowers Conti</u>
                            Joy Flowers Conti
                            Senior United States District Judge